[No. 4540.]

STEPHENS ET AL. V. GOLOB ET AL.

**Opinion Followed.**

The judgment in this cause is reversed upon the opinion in the case of Ballard v. Golob et al., ante, p. 417.

*Error to the District Court of Lake County: Hon. Frank W. Owers, Judge.*

Messrs. THOMAS & THOMAS and Mr. NORMAN M. CAMPBELL, for plaintiffs in error.

Messrs. THOMAS, BRYANT & LEE and Messrs. PHELPS & PENDERY, for defendants in error.

Mr. JUSTICE STEELE delivered the opinion of the court.

The facts in this case are somewhat analogous to those in the case *Ballard v. Golob et al.,* ante, p. 417, decided at this term of the court. That case is decisive of this. George C. Stephens, Isaac Gibson and Charles Walker are the three persons mentioned in the complaint of Ballard as the persons to whom he conveyed a one-third interest of the Ballard lode in the year 1880. Stephens, Gibson and. the heirs of Walker filed a cross-complaint in the suit of *Ballard v. Golob,* and set up substantially the same facts as those contained in the complaint, and in addition stated that Mrs. Moon, being indebted to them, agreed to do the assessment work for the year 1881 and protect the property during their absence; that before they left Leadville they paid their proportion of all the fees, costs and expenses which were incurred and necessary to secure the patent for the property; that at the time the patent issued the patentees well knew of said Stephens, Gibson and Walker's interest in said premises, and that they received the title to the lode in trust for them; that the taxes paid upon the property by Moon and Wilmot were paid for the co-owners, including the cross-complainants; that they were compelled to leave Leadville in 1880 for the purpose of seeking employment and earning a livelihood for themselves and their families, and that neither of them again returned to Leadville, except defendant Stephens, who returned in 1881 and left in 1882; that all of the defendants who claim an interest in the said lode by deeds and conveyances from and through parties named in the patent had notice and well knew of the rights and interests of Stephens, Gibson and Walker in the said lode, and well knew and had notice

of the fact that the patentees had received the title to the defendants' interest in said lode in trust for them, and well knew the trust relation existing between the patentees and Stephens, Gibson and Walker, and that they received conveyances with full notice and knowledge that the same were burdened with said trust.

They pray for practically the same relief as that prayed for by Ballard.

A demurrer on behalf of Golob and Turnbull was interposed. The demurrer sets forth practically the same grounds as those in the demurrer to the complaint.

The demurrer was sustained, the cross-complaint was dismissed, and the cross-complainants appeal to this court.

No attempt was made to secure the interest of Stephens and Gibson through forfeiture proceedings. The notice is directed to Charles Walker. The affidavit of the managing editor states that the notice was published for the period of ninety days, and the proceedings appear to be regular as to Walker except that in the notice of forfeiture contribution is required to be made within ninety days from date instead of within ninety days after the publication is completed. But we are not required to pass upon the sufficiency of the notice because of the allegations in the cross-complaint of notice and knowledge on the part of the patentees and their grantors as set forth herein.

The decision in the case of Ballard determines this, and the judgment is therefore reversed.

*Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.